**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**THOMAS CROSS,**

                  **Plaintiff,**              **9:11-cv-981**
                                                            **(GLS/DEP)**

        **v.**

**JOSEPH T. SMITH et al.,**

                  **Defendants.**
_____
**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Thomas Cross
Pro Se
91-A-7183
Shawangunk Correctional Facility
P.O. Box 700
Wallkill, NY 12589

**FOR THE DEFENDANTS:**
HON. ERIC T. SCHNEIDERMAN     GREGORY J. RODRIGUEZ
New York State Attorney General       Assistant Attorney General
Albany Office
The Capitol
Albany, NY 12224

**Gary L. Sharpe**
**Chief Judge**

## MEMORANDUM-DECISION AND ORDER

### I. Introduction

Plaintiff Thomas Cross commenced this action against defendants[1] under 42 U.S.C. §§ 1983 and 1985 alleging violations of his First, Eighth and Fourteenth Amendment rights. (*See* Compl., Dkt. No. 1.) Pending is defendants' motion to dismiss. (*See* Dkt. No. 18.) For the reasons that follow, the motion is granted.

## II. Background[2]

On September 7, 2010, C.O. Nicholas P. Formichelli issued Cross an unsubstantiated misbehavior report charging him with two rule violations. (*See* Compl. ¶¶ 12-14.) After a Superintendent's Hearing, over which Deputy Superintendent John Maly presided, Cross was found guilty and sentenced to three months confinement in the "Special Housing Unit [(SHU)] along with loss of packages, commissary and phones for the same period." (*Id.* ¶¶ 15, 21-22.) Cross appealed the sentence to Commissioner Brian Fischer, but the hearing disposition was ultimately affirmed by Director Albert Prack on November 22, 2010. (*See id.* ¶¶ 26-28.)

---

[1] Joseph T. Smith, Superintendent, Shawangunk Correctional Facility; John Maly, Deputy Superintendent of Security, Shawangunk Correctional Facility; Nicholas P. Formichelli, Correction Officer, Shawangunk Correctional Facility; Brian Fischer, Commissioner of DOCS; and Albert Prack, Director, Special Housing/Inmate Disciplinary Program.

[2] The allegations are drawn from Cross' Complaint and presented in a light most favorable to him.

Again, Cross challenged the disciplinary finding, this time by commencing an Article 78 proceeding against Fischer and Superintendent Joseph T. Smith in New York State Supreme Court, Ulster County. (*See id.* ¶ 29.) In a decision and order dated May 25, 2011, Ulster County Justice Christopher F. Cahill vacated the hearing determination and remitted the matter for further proceedings. (*See id.* ¶ 31.) Before the rehearing took place, however, Fischer and Smith's attorney proposed that instead of a new hearing, the judgment against Cross could simply be expunged from his record. (*See id.* ¶ 32.) Justice Cahill acquiesced and an order to that effect was entered on June 15, 2011. (*See id.* ¶ 33.) Despite the reversal, Smith kept Cross confined in the SHU. (*See id.* ¶ 34.) This confinement subjected Cross "to conditions that deprived him of sleep, creating a health problem for him, causing him chronic headaches, among other medical issues." (*Id.* ¶¶ 35.)

In sum, Cross avers that defendants' conspiratory conduct was motivated by, among other things, their belief "that they are above the law" and "partly in retaliation for [Cross] exercising his First Amendment rights while being an Inmate Liaison Committee representative for the prison population." (*Id.* ¶¶ 37-41, 48.) Cross now alleges four causes of action

3

against all defendants in their individual and official capacities and seeks declaratory judgment, injunctive relief and damages. (*See id.* ¶¶ 43, 45-48.)

## III.  Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well established and will not be repeated here.[3] For a full discussion of the standard, the court refers the parties to its decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV.  Discussion

Defendants argue that Cross' Complaint must be dismissed because, *inter alia*, he failed to comply with the Prison Litigation Reform Act (PLRA). (*See* Dkt. No. 18, Attach. 1 at 3-4.) Although he was notified of the deadline to do so, and later granted a filing extension, to date, Cross has not filed a response. (*See* Dkt. Nos. 19-20.) Nevertheless, Cross' failure to comply with the PLRA is dispositive.

Under the PLRA, a prisoner may not bring a section 1983 or 1985 claim relating to prison conditions "until such administrative remedies as

---

[3] Because Cross is proceeding *pro se*, the court will construe his Complaint liberally. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006).

4

are available are exhausted." 42 U.S.C. § 1997e(a). This exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). Exhaustion must occur before the plaintiff's lawsuit is filed. *See Neal v. Goord*, 267 F.3d 116, 122 (2d Cir. 2001) ("Subsequent exhaustion after suit is filed therefore is insufficient."), *abrogated in part on other grounds by Porter*, 534 U.S. 516.

The Second Circuit has articulated three scenarios in which a prisoner's failure to exhaust his administrative remedies may not require dismissal: where (1) administrative remedies were not in fact "available" to the prisoner; (2) defendants failed to raise or preserve the affirmative defense of non-exhaustion or their actions prevented the prisoner from exhausting his administrative remedies; or (3) the prisoner has plausibly alleged "special circumstances"—such as reasonable confusion as to a regulation—which resulted in his failure to comply with administrative requirements. *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004); *Newman v. Duncan*, No. 04-CV-395, 2007 WL 2847304, at *2-3 (N.D.N.Y. Sept. 26, 2007).

5

In support of their motion to dismiss, defendants' attached an affidavit by Jeffery Hale, Assistant Director of the Inmate Grievance Program, which states that during the years 2010-2011, Cross filed only one grievance with the New York State Department of Corrections and Community Supervision (DOCCS) Central Office Review Committee (CORC).[4]  (*See generally* Dkt. No. 18, Attach. 3.)  That grievance discussed time credits, and not Cross' instant allegations of violations of his First, Eighth and Fourteenth Amendment rights.  (*See id.* ¶ 4.)  Indeed, even if Cross had responded to defendants' motion—which, despite the extension of time, he did not do—the DOCCS records are conclusive proof of Cross' failure to exhaust administrative remedies.  Moreover, because none of the exceptions discussed above apply, this failure mandates dismissal.  *See* 42 U.S.C. § 1997e(c).  Accordingly, defendants' motion to dismiss is granted.

## V. Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

---

[4]  Though not attached to the Complaint, the court may still consider DOCCS' records in the context of a motion under Fed. R. Civ. P. 12(b)(6) where, as here, the records are "integral to the complaint." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (internal quotation marks and citation omitted); *accord Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (deeming "a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference").

**ORDERED** that defendants' motions to dismiss (Dkt. No. 18) is **GRANTED** and all claims against them are **DISMISSED**; and it is further

**ORDERED** that defendants Smith, Maly, Formichelli, Fischer and Prack are **TERMINATED** as parties; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

April 26, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court